THE BOARD OF EDUCATION OF THE TOWNSHIP OF RIDGE-
FIELD, IN THE COUNTY OF BERGEN, v. THE BOARD
OF EDUCATION OF THE BOROUGH OF CLIFFSIDE
PARK, IN THE COUNTY OF BERGEN.

Submitted March 20, 1899—Decided June 12, 1899.

1. In an action upon an obligation of a municipal corporation issued by special agents, facts must be averred which show the authority of such agents; but when the obligation is issued by the corporation or its general agents, no such averments are essential.

2. The provisions of the supplement to the Public Instruction act, approved April 6th, 1897 (*Pamph. L.*, *p.* 154) which were considered in *McCully* v. *Board, &c., of Ridgefield Township, ante p.* 18, and a cognate supplement, approved April 22d, 1897 (*Pamph. L.*, *p.* 242), are within the object expressed in the titles of the acts.

On demurrer to the first count of the declaration.

The count of the declaration demurred to avers that the trustees of School District No. 1, in the county of Bergen, a

corporation of this state, for the purpose of building a school-house in said district, and raising the money necessary therefor, pursuant to the "Act to establish a system of public instruction," approved March 27th, 1874, and the supplements thereto, made a certain bond payable to bearer, which was delivered to Francis K. McCully, who became thereby the owner of said bond, and entitled to the principal and interest thereon. It further avers that on July 4th, 1894, by virtue of the provisions of an amendment to the Public Instruction act, the said School District No. 1, of the county of Bergen, and the corporation known as the trustees of School District No. 1, in the county of Bergen, were consoli-. dated with the other school districts in the township of Ridgefield under the name and designation of the plaintiffs in this action, and that by virtue of said act of the legislature, the bond of which McCully was the bearer became the obligation and indebtedness of the plaintiffs, who were legally bound to pay the same.

It further avers that after the said bond became the obligation and indebtedness of these plaintiffs, the borough of Cliffside Park was formed out of the township of Ridgefield, and became a separate and distinct school district and corporation by the name of "The Board of Education of the Borough of Cliffside Park, in the County of Bergen," and that within the territorial limits of the said borough of Cliffside Park was and is the school-house and property formerly belonging to the plaintiffs in this action, by reason of the consolidation of School District No. 1, in the county of Bergen, with these plaintiffs, and for the erection of which the said bond was issued, and that thereby the said defendants became entitled to said school-house and property.

It further avers that on September 5th, 1896, an action was commenced in this court by said McCully against the plaintiffs to recover the amount of his said bond, and that such proceedings were had therein that on February 16th, 1897, McCully recovered a judgment against the plaintiffs for $1,227.59.

It further avers that the plaintiffs upon a writ of execution issued against them upon such judgment paid, in satisfaction thereof, the sum of $1,342.55, and that by means thereof, and according to the tenor and effect of an act entitled "A supplement to an act entitled 'An act to establish a system of public instruction (Revision),' passed March 27th, 1874," approved April 6th, 1897, and a further supplement to the same act approved April 22d, 1897, the defendants became liable to reimburse and pay to the plaintiffs the sum of money paid by the latter upon the said judgment, with interest.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Charles J. Roe.*

For the defendant, *Samuel G. H. Wright.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The first cause of demurrer presented by defendant is that the count demurred to fails to show that the trustees of School District No. 1, in the county of Bergen, the maker of the bond in question, had power to make the same. The averment is that the bond was issued pursuant to the Public Instruction act of March 27th, 1874. The second cause of demurrer assigned by defendant insists that this statement is insufficient, because by that act authority to issue such bonds by school districts requires the consent of the inhabitants of the district.

When corporate bonds of a municipality are issued by special agents having limited powers, the declaration on such bonds must exhibit the possession of such powers. *Morrison* v. *Bernards,* 7 *Vroom* 219 ; *Cotton* v. *New Providence,* 18 *Id.* 401. But when corporate bonds are issued by general agents or the corporation itself, no such averments are necessary. *Montague* v. *Church School,* 5 *Id.* 218 ; *Rahway Savings Institution* v. *Rahway,* 24 *Id.* 48.

The averment of this count that the bond in question was issued by the corporation known as the Trustees of School District No. 1, in the county of Bergen, is sufficient.

The third cause of demurrer assigned by defendant is that the acts of the legislature of April 6th, 1897, and of April 22d, 1897, upon which the liability of the defendant to the plaintiff is founded are void because the objects of said acts are not expressed in their titles.

The provisions of the act of April 6th, 1897, were construed by this court in the case of *McCully* v. *Board of Education of Ridgefield Township, ante p.* 18. It was there held that the act imposed the indebtedness of a bond such as that in question upon a separate school district set off from a township, if there was within its limits a school-house belonging to the board of education of the township and for the erection of which there is an indebtedness on such bond for which the said board is liable, and that the said indebtedness shall be assumed and become the obligation of the board of education of the set off school district, and that whenever the board of education of the township is compelled to pay by suit and judgment at law any portion of such indebtedness, the board of education of the set off school district must repay to the board of education of the township the amount of the judgment, with interest, and the same may be collected by action.

The objection now made to this legislation does not seem to have been presented to the mind of the court in that case.

The provisions of the act of April 22d, 1897, substantially imposes the same obligation.

The act to establish a system of public instruction, approved March 27th, 1874, conferred corporate powers for school purposes, including the power to purchase land, to build school-houses, to borrow money for those purposes and to incur and issue obligations therefor. These corporate powers are plainly within the title of the act under the construction given to our constitutional provision on that subject in cases too well known to require citation.

Legislation properly apportioning or imposing obligations that have been thus issued, among such corporations as the legislature deemed to be properly liable, is within the scope of the title of the Public Instruction act in question.

The result is that the demurrer must be overruled and the plaintiff is entitled to judgment thereon.